IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ibn Gadson, | C/A No. 4:21-1686-CMC |
| Petitioner, | |
| v. | |
| | Order |
| Warden of Perry Correctional Institution, | |
| Respondent. | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report").

Respondent filed a motion for summary judgment, as well as a return and memorandum of law on August 30, 2021. ECF Nos. 16, 17. A *Roseboro* Order was mailed to Petitioner, advising him of the importance of a dispositive motion and the need to file an adequate response. ECF No. 18. Petitioner filed a response in opposition to summary judgment. ECF No. 21. Respondent filed a reply. ECF No. 25.

On April 6, 2022, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted on the merits. ECF No. 49. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed timely objections on April 21, 2022. ECF No. 30.

## Standard

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).   The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

## Discussion

In his § 2254 petition, Petitioner argues trial counsel in his state court case provided ineffective assistance when he told Petitioner he would get the death penalty if he did not plead guilty. The Magistrate Judge recommends granting Respondent's motion for summary judgment as this ground was ruled upon by the state Post Conviction Relief ("PCR") court and that court did not misapply the law.  ECF No. 28.

Petitioner objects to the Report.   ECF No. 30.  He recognizes the Magistrate Judge found Petitioner failed to satisfy the criteria set out in *Strickland v. Washington*, "but Petitioner feels that this ruling is erronious [*sic*]").  *Id.* at 2.  He notes "although trial counsel testified he does not recall telling Petitioner he would receive the 'death penalty' if he did not except [*sic*] the plea

2

agreement, he did state that there may have been a misunderstanding." *Id.*  Therefore, Petitioner asks the court to overrule the Report and grant an evidentiary hearing. *Id.*

Petitioner previously received an evidentiary hearing before the PCR court.  This court's standard of review is deferential and federal habeas corpus relief may not be granted unless the PCR court's determination was contrary to, or involved an unreasonable application of clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor*, 529 U.S. 362, 398 (2000).  The PCR court determined Petitioner's trial counsel was not deficient nor was Petitioner prejudiced by the representation. ECF No. 16-1 at 107.  It also found counsel's testimony before the PCR court credible, and Petitioner's testimony not credible.  *Id.* at 105-06.

The court agrees with the Report the PCR court did not misapply the law in finding Petitioner failed to meet either prong of the *Strickland* test for ineffective assistance of counsel.  In addition, the factual findings of the PCR court are entitled to deference by this court.  Petitioner's objections do not alter these conclusions. Although he contends counsel did not recall telling Petitioner he would receive the death penalty and stated there may have been a misunderstanding, in actuality the PCR court explained counsel testified he did not tell Petitioner he would receive the death penalty but if Petitioner believed this, it would have been a misunderstanding. This does not show counsel was ineffective or Petitioner was prejudiced. Accordingly, Petitioner's objections are overruled.

## Conclusion

For the reasons above, after *de novo* review of the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with

3

the findings and conclusions of the Magistrate Judge.  Accordingly, the court adopts the Report, denies Petitioner's request for an evidentiary hearing, grants summary judgment for Respondent, and dismisses the Petition with prejudice.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 2, 2022

4